———o———

5345.

(Court of Appeal, Parish of Orleans).

## OSTRICA OYSTER CO., LTD., AND ANTHONY A. TOMASOVICH vs. JOHN BARBIER, ET ALS.

Where a tort is committed in flagrant violation of law and without justification, punitory damages will be allowed.

Appeal from the 29th Judicial District Court, Parish of Plaquemine.

Jas. Wilkinson, attorney for appellant.

O. S. Livaudais, attorney for appellee.

GODCHAUX, J.—Plaintiffs sues the defendants for actual and punitory damages for having conspired and prevented them by force, threats and intimidation from shipping a consignment of oysters from Ostrica, in Pla-

quemine Parish, to New Orleans, as a result of which a portion of the oysters were lost and other minor injuries complained of were entailed.

The case was originally appealed to the supreme Court but was sent down to this court under the Act of 1904, on the ground that the claim of $2,000 for punitory damages was inflated.

The evidence in the record is conflicting, the defendants, on the one hand, contending that their mission was a peaceful one undertaken solely to persuade the plaintiffs to forego the shipment of the oysters; while, on the other hand, plaintiffs' evidence shows that the defendants appeared in a body, some fifty or more strong, and not only intimidated by their number alone the carrier from receiving the shipment, but threatened the sinking of his boat in the event he undertook the shipment.

The judgment of the lower court was accompanied by the written reasons of the presiding judge, which are in part as follows:

"As in all cases of this character wherein damages are involved much of the evidence adduced is conflicting. The plaintiffs in substantiation of their claim, offer testimony to the effect that on July 29, 1908, they caused to be fished from their oyster-beds in this Parish, 300 sacks of oysters for the purpose of shipment and sale in the City of New Orleans; that they were prevented from so doing by the tortious act of thirteen of the defendants named in the plaintiff's petition. The evidence, however, shows clearly that the following of the defendants were present at the time that the alleged tortious act was committed: John Barbier, Nick Salitich, Tony Francesco, Tony Protich, Steve Rusich and Mateo Barbier. The evidence contains nothing as to the other defendants named in plaintiffs' petition.

"Plaintiffs' testimony shows that these co-defendants, with John Barbier as their spokesman, told plaintiff, Anthony A. Tomasovich, that he could not ship oysters to New Orleans, due to the fact that there was a "STRIKE" among the oyster fishermen because of the enactment by the Legislature of this State of a law under which the fishermen were compelled, under penalty of fine or imprisonment, to comply with a certain measurement in the shipment of their oysters, which said measurement was in excess of that formerly used by them. It is further shown that defendants, both by intimidation and promise of reward, did prevent a certain gasoline boat, named "SKIPPER," from taking the said oysters.

"Plaintiffs' have also shown that damages have accrued to them as a result of defendants' action as above stated. The damages, as will be hereinafter enumerated, are for the loss of the oysters, one hundred and fifty sacks, damage to fishing tongs, damage to a flat boat used for fishing these oysters, the loss of time of seven men, and their board.

'Defendants' testify that their mission was a peaceable one and that they visited the plaintiff, Anthony A. Tomasovich, for the purpose of persuading him to join them in their strike and to cease shipping his oysters to the city.

"The testimony satisfies me that the defendants called upon plaintiff, Anthony A. Tomasovich, for an unlawful purpose. Their presence in such a large number at his place on the date on which he regularly shipped his oysters indicated that their visit was not a friendly one. A different view might have been entertained if a committee of, say five or six, of them had waited upon Tomasovich at a time when he was

not about to ship his oysters to the city. Again the evidence satifies me that an offer was made to the owner or owners of the launch "SKIPPER" to pay the freight which that vessel might have made for carrying the oysters in controversy to New Orleans, and in this belief I am satisfied by admission made by the main co-defendant, John Barbier, to the effect that he authorized the payment of forty dollars, which represented the amount of the freight to have been realized by the launch "SKIPPER" if the oysters had been shipped, said payment having been made by a Mr. Abadie, in New Orleans. Mr. Barbier further admits that this brotherhood of striking oystermen, to which all of the defendants belonged, owes this forty dollars to Mr. Abadie."

The testimony has been carefully re-examined here and the court is satisfied, not only that the foregoing conclusions are correct on the main facts, but that the defendants visited plaintiff's establishment for the express purpose and with the wilful intent of preventing the shipment of oysters at any cost. Their presence in such a large body at the very moment the shipment was to be made, belies their professions of peace and order. A peaceful, law-abiding purpose required no such number and its accomplishment no such occasion.

There is, however, no evidence in the record showing that one of defendants named in the judgment was present or took part in the proceedings complained of. The judgment as to him must be consequently set aside.

The defendants complain that the allowance in the judgment of $209.75 as actual damages is not supported by the record; while, on the other hand, plaintiffs complain that the amount of $100 allowed for punitory damages is clearly insufficient.

The court is of the opinion that both complaints are

well founded; the former because several small items of actual damages decreed should not have been allowed; and the latter because the record presents a case where the penalty imposed should serve as a preventative to further infraction of the law—and this purpose is not accomplished by the meagre sum imposed. The court is of the opinion that an amendment of the judgment increasing the total sum allowed for both actual and punitory damages to the sum of $700, will do justice between the parties and otherwise fully meet the requirements of the case.

It is, accordingly, ordered that the judgment appealed from, insofar as it condemns Tony Protich, be reversed and that the suit as to him be dismissed; that said judgment be amended by increasing the total sum allowed from $309.75 to seven hundred dollars ($700), and that said judgment, as thus altered and amended, be in all other respects affirmed at the costs in both courts of the appellants, John Barbier, Nick Salatich, Tony Francesco, Steve Rusich and Mateo Barbier.

Reversed in part and amended in part.

Dufour, J., not having heard the argument takes no part.

May 29, 1911.

*Rehearing refused, June 30, 1911.*

## On Rehearing.

GODCHAUX, J.—The attorney for defendants complains that Mateo Barbier was condemned with the other defendants. This was a clerical error, for he was not an appellant and the judgment was altered as to the appellants alone.

Further complaint is made on the ground that the decree condemns the defendants therein named for the

costs incurred against those defendants who were discharged from liability. In this respect our decre has been misconstrued, for the costs for which the appellants are condemned clearly include and mean only such as were incurred in the prosecution of the defendants who were condemned and not the costs incurred with reference to those as to whom plaintiffs' demand was dimissed.

The decree should be given this interpretation and it is not necessary to grant a rehearing in order to correct the clerical error as to Mateo Barbier.

It is accordingly ordered that our former decree be amended by expunging therefrom the name of Mateo Barbier and that with this amendment the rehearing be refused.

Dufour, J., takes no part, not having been present at the argument.

June 30, 1911.

———O———

5366.

(Court of Appeal, Parish of Orleans).